IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT L. EVERETTE, JR. | * | |
|     Plaintiff, | | |
| v. | * | CIVIL ACTION NO. DKC-15-3818 |
| OFFICER OF THE STATES ATTORNEY | * | |
| MD. STATES ATTORNEY SCOTT | | |
|   SHELLENBERGER | * | |
| ASST. STATES ATTORNEY MS. | | |
|   SUZANNE COHEN | * | |
|     Defendants. | | |

*****

## **MEMORANDUM OPINION**

On December 14, 2015, the court received for filing a self-represented Complaint submitted by Robert L. Everette, Jr. ("Everette") a State inmate confined at the Brockbridge Correctional Facility in Jessup, Maryland. Everette claims that Defendants, the Office of the Baltimore County State's Attorney, State's Attorney Schellenberger, and Assistant State's Attorney Cohen, committed "misconduct" when they singled him out for prosecution knowing that other persons played a major role in the case and there was insufficient evidence to prosecute him.[1] He accuses Defendant Cohen of lying in court and alleges that "the statement of facts" was very different from the police reports. ECF No. 1. Everette seeks $2,500,000.00 in damages. Insofar as Everette alleges civil rights violations against state actors, his action shall be construed as a civil rights action under 42 U.S.C. § 1983.

---

[1] The state court docket indicates that on July 28, 2015, Everette entered a plea under *North Carolina v. Alford*, 400 U.S. 25 (1970) to two counts of burglary fourth-degree theft and one count of theft under $1,000. *See State v. Everette*, 03K14003740 (Circuit Count for Baltimore County). He received a cumulative four-year, six-month sentence. *See* http://casesearch.courts.state.md.us/casesearch/inquiry.

Although Everette has failed to remit the $400.00 civil filing fee or to move to proceed in forma pauperis, he shall not be required to cure this deficiency. The Complaint shall be dismissed *sua sponte* for the failure to state a claim.

This represents the second time in as many months that Everette has attacked his Maryland prosecution in this court. On November 30, 2015, the court received for filing the case of *Everette v. Office of the Public Defender, et al.*, Civil Action No. DKC-15-3649 (D. Md.). Everette sued his court-appointed attorney alleging that he received ineffective assistance of counsel. The case was summarily dismissed on December 3, 2015.

Everette's claims against the prosecutors are not colorable. The Office of the State's Attorney, State's Attorney Schellenberger, and Assistant State's Attorney Cohen are immune from Everette's § 1983 claims for damages. A prosecutor is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative functions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Springmen v. Williams*, 122 F.3d 211, 212-13 (4th Cir. 1997); *Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996). Decisions regarding whether and who to prosecute lie within those prosecutorial functions.

Because Everette's § 1983 Complaint alleges an infringement of a constitutional right that does not exist and is premised on an "indisputably meritless legal theory," his case shall be dismissed for the failure to state a claim. A separate Order follows dismissing this case.

Date: December 23, 2015                         /s/
                                                DEBORAH K. CHASANOW
                                                United States District Judge